BAKER LUMBER CO., PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32359.   Promulgated October 29, 1930.

*Paul E. Shorb, Esq.*, and *Marion P. Wormhoudt, Esq.*, for the petitioner.

*E. M. Meacham, Esq.*, and *C. E. Lowery, Esq.*, for the respondent.

OPINION.

BLACK: In the *Baker Lumber Co.*, 2 B. T. A. 907, the same petitioner as in the instant case was held entitled to file consolidated returns for the calendar year 1919. The material facts in the two cases are identical except that in June, 1924, ·Ludden's stock was transferred to Baker and in January and February of 1925 Curtis acquired stock from his brother-in-law, Baker.

While the facts in the two cases are identical with the exceptions above noted, the law governing the two cases is not the same. The taxable year involved in *Baker Lumber Co., supra,* was 1919 and was governed by the Revenue Act of 1918, whereas the taxable years involved in this proceeding are 1924 and 1925 and are governed by the 1924 and 1926 Acts, respectively. The 1926 Act is applicable to the taxable year 1925 involved in this proceeding because Congress made the 1926 Act applicable to the taxable year 1925 for income-tax purposes. Section 240 (b) (2) of the 1918 Act, which governed our decision in *Baker Lumber Co., supra,* provides that two or more domestic corporations will be deemed to be affiliated " if substantially all the stock of two or more corporations is owned or controlled by the same interests." The substance of our decision in *Baker Lumber Co., supra,* was that what stock Charles Baker did not own in the Baker Lumber Co., Baker Box Co., and Leominster Novelty Corporation, he controlled within the meaning of the statute and therefore there was affiliation. · If the law had remained the same, we

would have no difficulty in deciding the instant case the same as we decided in *Baker Lumber Co., supra*, because the facts are substantially the same in both proceedings. But, as we have already pointed out, the law has not remained the same. The Revenue Acts of 1924 and 1926 dropped the word "control" and also dropped the phrase "substantially all," so that section 240 (c) (2) of the Revenue Acts of 1924 and 1926 reads: "For the purpose of this section two or more domestic corporations shall be deemed to be affiliated * * * (2) if at least 95 per centum of the voting stock of two or more corporations is owned by the same interests."

Under the language of the above quoted statute the criterion for determining affiliation is ownership of stock, and not a combination of ownership and control. The "same interests" must actually own at least 95 per cent of the stock of two or more corporations before there can be affiliation. The question of control does not enter into it. We are still faced, however, with the necessity of determining what Congress meant when it used the expression, "the same interests." The respondent contends that the expression, "the same interests," means "the same individual, partnership, or corporation, or the same individuals, partnerships, or corporations." The Circuit Court of Appeals for the First Circuit in the case of *Kile & Morgan Co.* v. *Commissioner*, 41 Fed. (2d) 925, held otherwise and reversed this Board. The taxable years involved in that proceeding were the same as here—1924 and 1925. In that case the court, after quoting the regulation of the Commissioner of Internal Revenue defining the expression "same interests" to mean the same individual, partnership, or corporation, says: "But the Board in numerous decisions held to the contrary and we think rightly." The court then proceeded to hold that there was affiliation between a corporation and an association taxable as a corporation under circumstances existing as follows:

The Kile & Morgan Company has been engaged in the lumber business since 1903. Its president is Berton E. Kile, its secretary and treasurer Mortimer H. Alling. Kile and Alling, owning 99 per cent of the capital stock of the corporation, and M. G. Atkin, their bookkeeper, owning the other one-half of 1 per cent, constitute the board of directors.

    \*       \*       \*       \*       \*.       \*       \*

The voting shares of the Kiboling Company for the period in question were 1810, of which Kile owned 1483 shares and Alling 173 shares, a total of 1656, 91½ per cent of the entire issue. Of the balance, 17 shares had been given by Kile as a Christmas present to his sister, Mrs. Thomas J. Boston, whose husband, Thomas J. Boston, owned 137 shares, and was employed as local manager in charge of the Kiboling property. * * *

The effect of the decision in *Kile & Morgan Co.* v. *Commissioner*, *supra*, is to hold that Congress meant to give a somewhat broader

meaning to the expression, "the same interests," than would be the case if it should be held to mean the same individual, partnership, or corporation. Such has been the ruling of this Board in *Hagerstown Shoe & Legging Co.*, 1 B. T. A. 666; *Rishell Phonograph Co.*, 2 B. T. A. 229, and other cases decided by the Board.

In other words, if Congress had wanted to restrict the ownership of 95 per cent of the stock before there could be affiliation, to the extent contended for by the respondent, it would have said in the second clause of section 240 (c), "(2) if at least 95 per centum of the voting stock of two or more corporations is owned by the same individual, or partnership or corporation or by the same individuals, partnerships or corporations." It did not say that, however, but, on the contrary, continued to use the same expression, "the same interests," as had been used in former statutes.

Under authority of *Kile & Morgan* v. *Commissioner, supra*, and the cases of the Board of Tax Appeals cited, we hold that the petitioner was affiliated during each of the taxable years with the Baker Box Co. and Leominster Novelty Corporation, and had a right to file a consolidated return with said corporations for each of the taxable years.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

MORRIS, MARQUETTE, SMITH, STERNHAGEN, and MURDOCK dissent.